**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

Case No. 19-45919-ESS

*In Re.*

Chapter 13

**MICHAEL SMITH**
*a/k/a* **MICHAEL E. SMITH**
*a/k/a* **MICHAEL EVERSON SMITH**,

**EMERGENCY ORDER TO SHOW CAUSE w/ TEMPORARY RESTRAINING ORDER**

*Debtor.*

---

Upon the annexed application of Debtor, by his attorney, Law Offices of Jjais A. Forde, Esq., seeking entry of an Order Imposing a Stay throughout the pendency of this bankruptcy proceeding, it is

**ORDERED** that Mr. Cooper ("Servicer") as Servicer for Secured Creditor Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass Through Certificates, Series 2007-QO5 ("Creditor") show cause at _____ o'clock on the date of _____, 2019 or soon thereafter as Debtor may be heard before the Honorable Elizabeth S. Stong Bankruptcy Judge at United States Bankruptcy Court located at 271-C Cadman Plaza East, Brooklyn, NY 11201 in Courtroom 3529, **why this Court should not enter an Order Imposing a Stay throughout the pendency of this bankruptcy proceeding**; and it is further

**ORDERED** that pending a decision on the underlying motion to impose a stay or further Order of this Court, Creditor is **temporarily restrained** from conducting a foreclosure auction (or, in the event that an auction has already taken place, transacting a closing on the sale) of Debtor's principal residence located at 116-25 134th Street, South Ozone Park, NY 11420; and it is further

**ORDERED** that service of this Order to Show Cause together with the application be served via overnight mail on or before the end of the business day on _____, upon the following:

| | |
|---|---|
| *Attorney for Creditor* <br> **Shapiro, DiCaro & Barak, LLC** <br> 175 Mile Crossing Boulevard <br> Rochester, NY 14624 | *Foreclosure Referee* <br> **Alexander V. Sansone, Esq.** <br> 245 Hillside Avenue <br> Williston Park, NY 11596-2224 |
| *United States Trustee* <br> **Office of the United States Trustee** <br> Eastern District of NY (Brooklyn Office) <br> U.S. Federal Office Building <br> 201 Varick Street, Suite 1006 <br> New York, NY 10014 | *Chapter 13 Trustee* <br> **Marianne Derosa, Esq.** <br> 100 Jericho Quadrangle <br> Suite 127 <br> Jericho, NY 11753; |

and it is further

**ORDERED** that objections, if any, to the relief requested shall be made in writing, shall set forth with particularity, the grounds for such objection and shall be filed with the Clerk of the Court along with an extra copy marked "Chambers Copy," Trustee, United States Trustee and the Debtor on or before _____, 2019; and it is further

**ORDERED** that the hearing schedule herein may be adjourned by the Court, from time to time, without further notice other than announcement of the adjourned hearing date in open court.

Dated: Brooklyn, New York
       September _____, 2019

 

--------------------------------------------------
                                                  **Honorable Elizabeth S. Stong**
                                                             *Bankruptcy Judge*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

*In Re.*

**MICHAEL SMITH**
*a/k/a* **MICHAEL E. SMITH**
*a/k/a* **MICHAEL EVERSON SMITH**,

*Debtor.*

---

Case No. 19-45919-ESS

Chapter 13

**AFFIRMATION OF EMERGENCY**

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF QUEENS     )

JJAIS A. FORDE, ESQ., an attorney admitted to practice before this Court, affirms under penalty of perjury:

1. I am the attorney for the above-captioned Debtor and as such am familiar with the facts and circumstances set forth herein;

2. I submit this affirmation in support of Debtor's emergency application seeking to stay the foreclosure sale of Debtor's principal residence, 116-25 134th Street, South Ozone Park, NY 11420, currently scheduled for Friday, September, 2019 at 10:00AM;

3. This is Debtor's third Chapter 13 bankruptcy filing and it was filed within one year of the closing of the first and second filings as they were closed on 06/17/2019 and 08/23/2019 respectively;

4. Soon after Debtor's first Chapter 13 filing was dismissed, Debtor, having been ill-advised by lay persons filed a second Chapter 13 *pro se*;

5. Prior to the dismissal of the second filing, Debtor and real estate broker Jomo Thomas, engaged actively in negotiating a short sale transaction with a then cooperative Servicer Mr. Cooper ("Servicer") through the Servicer's Equator online system;

6. Upon information and belief, Debtor and Servicer were entering the final phase for approval wherein a Broker Price Opinion was required;

7. Unfortunately, Debtor was incessantly and aggressively harassed by a multitude of persons alleging to be real estate agents and investors. When the Broker assigned by Servicer contacted Debtor, s/he did not identify her/himself as an agent of Servicer;

8. The failure to complete the appraisal resulted in the Servicer's cancelling of the short sale application and the scheduling of a foreclosure auction;

9. Debtor and his agents operated in good faith;

10. The breakdown in communication resulted in a brief and excusable delay;

11. Debtor is a senior citizen with limited resources and would benefit greatly from the opportunity to effectuate a short sale and negotiate relocation assistance;

12. Without the protection of an automatic stay and a foreclosure sale imminent, Debtor is forced to seek a temporary restraining order through emergency means;

13. There is no prior or pending application for the relief sought herein.

**WHERFORE**, Debtor respectfully requests that the Court issue an Order Imposing the Stay in this Bankruptcy proceeding and any other relief that the Court deems proper and necessary.

Dated: Queens, New York
September 26, 2019

/s/ Jjais A. Forde
**JJAIS A. FORDE, ESQ.**
*Attorney for the Debtor*

Law Offices of Jjais A. Forde, PLLC
89-31 161st Street, Suite 306
Jamaica, NY 11432-6143

718-355-8898 *bus*
718-355-8808 *fax*

*bankruptcy@fordelawoffices.com*

Via ECF To:

*United States Trustee*
**Office of the United States Trustee**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
(212) 510-0500
USTPRegion02.BR.ECF@usdoj.gov

*Chapter 13 Trustee*
**Marianne Derosa, Esq.**
100 Jericho Quadrangle, Suite 127
Jericho, NY 11753
(516) 622-1340
marianned@ch13mdr.com

2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------------

Case No. 19-45919-ESS

*In Re.*

Chapter 13

**MICHAEL SMITH**
*a/k/a* **MICHAEL E. SMITH**
*a/k/a* **MICHAEL EVERSON SMITH**,

*Debtor*.

**AFFIRMATION IN SUPPORT OF EMERGENCY ORDER TO SHOW CAUSE**
**w/**
**TEMPORARY RESTRAINING ORDER**

------------------------------------------------------------------------------------

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF QUEENS     )

JJAIS A. FORDE, ESQ., an attorney admitted to practice before this Court, affirms under penalty of perjury:

1. I am the attorney for the above-captioned Debtor and as such am familiar with the facts and circumstances regarding this matter.

2. I submit this affirmation in support of Debtor's Motion to Impose a Stay in this bankruptcy proceeding.

**PROCEDURAL HISTORY**

3. On August 21, 2018 Debtor filed a voluntary chapter 13 bankruptcy petition under case no. 18-44798-ESS ("First Filing").

4. Debtor was unable to achieve a confirmable plan and make the required payments and the First Filing was dismissed on unopposed Motion of Chapter 13 Trustee pursuant to 11 U.S.C. §1307(c) on April 3, 2019 and closed on June 17, 2019.

5. On May 8, 2019, Debtor filed a second *pro se* emergency voluntary chapter 13 bankruptcy petition under case no. 19-42907-ESS ("Second Filing").

6. Debtor failed to file requisite schedules, disclosures and statements and on August 23, 2019 Second Filing was automatically dismissed under § 521(i)(l) and closed.

7. On September 26, 2019, Debtor filed a third Chapter 13 Bankruptcy.

## ARGUMENT

### I. DEBTOR'S PREVIOUS FILINGS WERE IN GOOD FAITH, HOWEVER, ILL-ADVISED.

8. After Debtor's First Filing was dismissed, Debtor became disheartened and disillusioned and fell to the mercy of and was ill-advised by unscrupulous and aggressive real estate brokers and investors who sought only to advance their own interests irrespective of the harm caused to Debtor.

9. Desperate and confused, Debtor signed documents prepared by laypersons which he was not given an opportunity to properly review. What Debtor was not told was that he was filing a second Chapter 13 bankruptcy—having been simply told, "if you want to save your home you must sign here."

10. Debtor was nearing a resolution with Secured Creditor when an unfortunate misunderstanding resulted in a breakdown of communication and the scheduling of a foreclosure sale. Hence, Debtor was forced to file the underlying bankruptcy.

### II. DEBTOR'S INTENTION IS NEITHER TO ABUSE THE BANKRUPTCY PROCESS NOR FRUSTRATE CREDITOR. FAILURE TO ADVANCE SHORT SALE WAS THE RESULT OF AN EXCUSABLE MISUNDERSTANDING.

11. Before the dismissal of the Second Filing, Debtor and real estate broker Jomo Thomas, engaged actively in negotiating a short sale transaction with a then willing and cooperative Servicer Mr. Cooper ("Servicer") through the Servicer's Equator online system and single point of contact, Brittany Neville.

12. Upon information and belief, Debtor and Servicer were entering the final phase of approval wherein a Broker Price Opinion was required.

13. Unfortunately, Debtor was incessantly and aggressively harassed by a multitude of persons alleging to be real estate agents and investors. When the Broker assigned by Servicer contacted Debtor, s/he did not identify her/himself as an agent of Servicer.

14. The failure to complete the appraisal resulted in the Servicer's cancelling of the short sale application and the scheduling of a foreclosure auction.

15. Debtor and his agents operated in good faith.

16. The breakdown in communication resulted in a brief and excusable delay.

17. When Debtor realized the error and attempted to advance the process, his agent was informed by the Servicer's single point contact, Brittany Neville, on or about September 5, 2019 that negotiations were halted because a foreclosure sale was scheduled.

18. Debtor is a senior citizen with limited resources and would benefit greatly from the opportunity to effectuate a short sale and negotiate relocation assistance.

### III. CREDITOR IS ACTING IN BAD FAITH AS, UPON INFORMATION AND BELIEF, CREDITOR SCHEDULED FORECLOSURE SALE WHILE ITS SERVICER WAS ACTIVELY NEGOTIATING SHORT SALE.

19. Unbeknownst to Debtor, while he was spinning his heels trying to comply with the Servicer's requirements for a short sale, the Creditor was scheduling a foreclosure auction.

20. This is a classic case of the left hand not knowing what the right hand is doing. In this scenario, the Creditor is not prejudiced as its interests are hedged.

21. Unfortunately, the Debtor believing that good faith negotiations were taking place, was exhausting time, effort and resources on what he was led to believe was a viable pursuit of a resolution.

22. At this point, Debtor is merely seeking the opportunity to finalize his short sale application and obtain a decision based on the terms of the proposed transaction.

23. Debtor is a senior citizen with limited resources and would benefit greatly from the opportunity to effectuate a short sale and negotiate relocation assistance.

### IV. DEBTOR WOULD BE GREATLY PREJUDICED IF THE SALE OF HIS HOME WERE NOT STAYED PENDING THE OUTCOME OF THIS BANKRUPTCY FILING.

24. Debtor risks losing his primary residence.

25. While this is Debtor's third filing, it comes more than twelve (12) months after the first filing. Furthermore, Debtor's second filing was not sudmitted under the oversight of competent legal counsel.

26. While the limitations attached to the automatic stay were designed to discourage the "serial filer" and protect the rights of the Creditor. In this instance, it is the Debtor who requires protection from the bad faith demonstrated by the Creditor who scheduled a foreclosure sale while its Servicer was actively engaged in negotiating a short sale.

27. Debtor is a senior citizen with limited resources and would benefit greatly from the opportunity to effectuate a short sale and negotiate relocation assistance;

28. There is no prior or pending application for the relief sought herein.

**WHERFORE**, Debtor respectfully requests that the Court issue an Order Imposing the Stay in this Bankruptcy proceeding and any other relief that the Court deems proper and necessary.

Dated: Queens, New York
September 26, 2019

/s/ Jjais A. Forde
**JJAIS A. FORDE, ESQ.**
*Attorney for the Debtor*

Law Offices of Jjais A. Forde, PLLC
89-31 161st Street, Suite 306
Jamaica, NY 11432-6143

718-355-8898 *bus*
718-355-8808 *fax*

*bankruptcy@fordelawoffices.com*

4